# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FERNANDO TIBURCIO, *et al.*, )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>RAFAEL GARCIA PEREZ, )<br>)<br>Defendant. )<br>_____ ) | Case No.: 2:15-cv-02416-GMN-CWH<br><br>**ORDER** |

On July 8, 2016, the Court ordered that *pro se* Plaintiffs Fernando Tiburcio, Maria Tiburcio, Jose Delvy Tiburcio Lantigua, and F&M Entertainment, LLC (collectively "Plaintiffs")[1] show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (Order, ECF No. 6). On August 12, 2016, Plaintiffs filed a Response. (ECF No. 9).[2] For the reasons stated herein, the Court will dismiss this case.

## I.    BACKGROUND

On December 18, 2015, Plaintiffs filed their Complaint in this Court pursuant to the Court's diversity jurisdiction. (*See* Compl. ¶¶ 1–7, ECF No. 1); *see also* 28 U.S.C. § 1332. Plaintiffs allege various state law claims against Defendant Rafael Garcia Perez ("Perez") including: (1) "theft by deception"; (2) negligence; (3) fraud and misrepresentation; (4) breach

---

[1] In light of Plaintiffs' status as *pro se* litigants, the Court has liberally construed their filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] In addition to a Response, Plaintiffs also filed an Amended Complaint, (ECF No. 8), without leave of the Court. *See* Fed. R. Civ. P. 15(a) (requiring opposing party's written consent or leave of court to amend complaint if twenty-one days have passed since service and no responsive pleading has been filed). However, given the Plaintiffs' *pro se* status, the Court considers the contents of the Amended Complaint in determining whether Plaintiffs have met the amount-in-controversy requirement.

1  of contract;[3] and (5) breach of implied covenant of good faith and fair dealing. (Am. Compl.

2  ¶¶ 22–74, ECF No. 8).

3  **II.      LEGAL STANDARD**

4          Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*,

5  437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case

6  unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville*

7  *Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  A district court may therefore *sua sponte*

8  raise the issue of subject matter jurisdiction and must dismiss a case if no subject matter

9  jurisdiction exists. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

10  subject-matter jurisdiction, the court must dismiss the action.").

11  **III.     DISCUSSION**

12          This Court has original jurisdiction over civil actions: (1) in which the amount in

13  controversy exceeds the sum or value of $75,000; and (2) which are between citizens of

14  different States. 28 U.S.C. § 1332(a).  The jurisdictional amount must be satisfied by each

15  plaintiff in a diversity action. *See, e.g.*, *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 295 (1969).  As

16  discussed *infra*, Plaintiffs fail to establish that the amount in controversy exceeds $75,000, and

17  therefore the Court will dismiss this action.

18          In their Response, Plaintiffs assert that this case satisfies the amount-in-controversy

19  requirement because "damages suffered by Plaintiffs exceeds well over $75,000." (Resp. 2:14,

20  ECF No. 9).  In support of this assertion, Plaintiffs point to their Amended Complaint which

21  alleges that Plaintiffs paid Defendant "$12,000 cash for advertising" and "to groom, promote,

22  and put [Plaintiffs'] cousin . . . on . . . radio stations." (Am. Compl. ¶¶ 14, 25, ECF No. 8).  The

23  Amended Complaint also alleges that "Plaintiff has been damages in excess of $75,000." (*Id.*

24

25

---

[3]  Although Plaintiffs style their fourth cause of action as "Breach of Implied Covenant of Good Faith and Fair Dealing," this designation appears to be a typo. (*See* Compl. 8:21, ECF No. 8).

¶ 55).  However, Plaintiffs' factual allegations fail to show that the amount-in-controversy requirement is satisfied.  Further, conclusory allegations as well as speculative arguments as to the amount in controversy are insufficient. *Singer v. State Farm Mitt. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997).

Plaintiffs have therefore failed to satisfy their burden to demonstrate that the amount in controversy exceeds $75,000.[4]  Accordingly, the Court must dismiss this case. *See* Fed. R. Civ. P. 12(h)(3).

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Complaint, (ECF No. 1), and Plaintiffs' Amended Complaint (ECF No. 8), are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs shall have twenty-one days from the date of this Order to file a second amended complaint.  Failure to file a second amended complaint by this date shall result in this case being closed.

**DATED** this ___17___ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[4] Because Plaintiffs have failed to carry their burden as to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiffs and Defendant.